**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALIT (NO 1) LIMITED,<br><br>      Plaintiff,<br><br>v.<br><br>BROOKS INSURANCE AGENCY, et al.,<br><br>      Defendants. | Civil Action No.: 10-2403 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendant American Equity Insurance Company's ("Defendant" or "AEIC") appeal of a non-dispositive order issued by United States Magistrate Judge Tonianne J. Bongiovanni ("Judge Bongiovanni") granting Alit (No 1) Limited's ("Plaintiff" or "Alit") request to compel discovery responses. (Docket Entry Number ("Doc. No.") 79 ("Def.'s Moving Br.")). Plaintiff opposes the motion. (Doc. No. 87 ("Pl.'s Opp'n Br."). For the reasons set forth below, the Court denies AEIC's motion.

## I.  BACKGROUND

  On October 28, 2011, Plaintiff filed a Motion to Compel. Plaintiff's motion sorted the discovery Plaintiff sought to compel into three categories, Parts A, B and C. The substantive content of Parts A and B is not relevant for purposes of this decision. Part C concerns Plaintiff's request to compel fully responsive answers to various interrogatories and document requests. (Doc. No. 57-3 ("Pl.'s Compel Moving Br.") 1). The Parties had the opportunity to set forth their arguments as to the Part C discovery during the briefing on the motion. In addition,

Plaintiff's proposed form of Order attached to its motion listed the specific discovery encompassed by Part C.

On March 21, 2012, Judge Bongiovanni denied Plaintiff's Motion to Compel as to Parts A and B. (Doc. No. 67 (March 21, 2012 Memorandum Opinion ("March 21st Opinion") 20-21). Judge Bongiovanni granted Plaintiff's motion as to Part C, finding that "the information Plaintiff seeks in Part C is relevant and discoverable to the extent it is not protected by privilege." (*Id.* at 21). AEIC did not file a motion for reconsideration or appeal Judge Bongiovanni's decision. Rather, after the time to file a motion for reconsideration or appeal had both expired, AEIC requested guidance from Judge Bongiovanni.[1]

In its May 8, 2012 correspondence requesting guidance, AEIT asserted:

Although technically included among the "Part C" discovery appended to Alit's proposed form of order, the discoverability of these demands was never mentioned, much less briefed, by Alit in its motion to compel, nor did the Court address the relevance or propriety of same in issuing its Order. As such, AEIC does not understand the Order to require the production of such information, or, at a minimum, believes that the relevance and propriety of such demands has not been adjudicated.

Because Alit now requests such information, AEIC seeks guidance from the Court regarding the proper interpretation of the Order. We respectfully request that the Court advise us whether we should file a formal motion for clarification of the Order, or if there is another mechanism the Court would prefer.

(May 8, 2002 Correspondence ("Def.'s May 8th Ltr.") 2).

In its May 9, 2012 response, ALIT stated:

AEIC's claim that this matter was not fully briefed is without merit. The relief sought by Alit in its Motion was clear and unambiguous. This matter was clearly briefed in the Memorandum in Support of Alit's Motion to Compel. The materials requested were clearly referred to in the Memorandum of Law and the nature thereof were discussed therein. . . . Had AEIC had an issue with the scope

---

[1] AEIC's May 8, 2012 letter request for guidance and Plaintiff's May 9, 2012 correspondence in opposition to AEIT's request were not electronically filed. Therefore, they are attached as Exhibit A to the within Memorandum Opinion.

or propriety of the March 21, 2012 Order, it should have sought clarification through a Motion for Reconsideration within fourteen days after the Order was entered. . . . That deadline for any motion has since passed. As such, AEIC should not be permitted to so move at this time.

(May 9, 2012 Correspondence ("Pl.'s May 9th Ltr.") 2).

On May 24, 2012, Judge Bongiovanni issued a Letter Order, which provided that AEIC must produce responses to Alit's Part C requests unless AEIC asserts a privilege. (Doc. No. 76 ("May 24th Order"). The present appeal of the May 24th Order ensued.

## II.    LEGAL STANDARD & ANALYSIS

On appeal from a discovery order, the scope of the District Court's review is narrow. *Port. Auth. v. Affiliated FM Ins. Co.*, 2001 U.S. Dist. LEXIS 7579, at *5 (D.N.J. March 29, 2001). Title 28 of the United States Code, Section 636(b)(1)(A) and Local Civil Rule 72.1(c)(1)(A) govern appeals from non-dispositive orders of United States Magistrate Judges. Both direct District Courts to consider the appeal and set aside any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); L. Civ.R. 72.1(c)(1)(A). Accordingly, Judge Bongiovanni's ruling on this non-dispositive discovery issue is reversible if it is "clearly erroneous or contrary to law." *Id.*

"A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Further, "[a] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002). Therefore, applying this clearly erroneous or contrary to law standard of review, the Court should not reverse the

3

Magistrate Judge's decision even if this Court would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).

> Local Civil Rule 7.1(i) provides in relevant part:

> [A] motion for reconsideration shall be served and filed within 14 days after entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

> Local Civil Rule 72.1(c)(1) provides that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order, unless a motion for reargument of the matter pursuant to L. Civ. R. 7.1(i) has been timely filed and served[.]"

The Court has carefully considered the matter and finds that it has independent procedural and substantive grounds upon which to deny Defendant's appeal. As to the Court's procedural grounds, Judge Bongiovanni's March 21st Opinion provides, "[a]s discussed above, the information Plaintiff seeks in Part C is relevant and discoverable to the extent it is not protected by privilege." (March 21st Opinion 21). AEIC failed to file a motion for reconsideration or appeal Judge Bongiovanni's Opinion within the time frame provided by the Local Civil Rules. AEIC stated that it did not understand the March 21st Opinion to require the production of Part C discovery because it already provided certain Part C discovery in response to a February 21, 2011 Order. (Def.'s May 8th Ltr. 2). However, Plaintiff's motion to compel Part C discovery clearly related to Plaintiff's attempt to obtain fully responsive answers to various interrogatories and document requests. If Plaintiff believed that AEIC adequately responded to the Court's February 21, 2011 Order, the motion to compel Part C discovery would not have been required in the first place. Therefore, the Court does not find Defendant's

arguments persuasive.[2]  Furthermore, the Court finds that AEIC's appeal of Judge Bongiovani's

May 24, 2012 Order is, in effect, a belated and untimely attempt to appeal her March 21st

Opinion.  As such, the Court denies AEIC's motion as untimely on procedural grounds.

In addition, the Court also finds AEIC's substantive arguments unpersuasive.  Both

parties articulated their positions regarding the Part C discovery in their motion papers.[3]  Judge

Bongiovanni considered the positions and found the information sought by Plaintiffs in Part C

relevant and discoverable to the extent the information is not protected by privilege.  The Court

is satisfied that Judge Bongiovanni has not abused her discretion or made a decision which was

clearly erroneous or contrary to law.  Rather, the Court finds that Judge Bongiovanni's March

21st Opinion reflects a reasoned analysis based on the papers before her.

---

[2] Judge Bongiovanni's May 24, 2012 Letter Order specifically provides, "for the fourth and final
time, AEIC is ordered to produce responses to Alit's Part C requests unless AEIC asserts a
privilege."  AEIC takes particular issue with the phrase, "for the fourth and final time," stating,
"AEIC is compelled to discuss Magistrate Judge Bongiovanni's footnote in her May 24, 2012
Letter Order, in which she states she had thrice ordered AEIC to respond to all of Alit's Part C
discovery.  Respectfully, Magistrate Judge Bongiovanni's footnote is not only incorrect, but
temporally impossible." (Def.'s Moving Br. 4).  The Court does not feel the need to engage in a
temporal impossibility analysis because it finds Judge Bongiovanni's March 21st Opinion to be
clear.

[3] Plaintiff acknowledges that it inadvertently referred to Exhibit C as Exhibit B in its reply
papers.  However, the Court found Plaintiff's requested relief clear from the moving papers,
including the proposed form of order attached to the moving papers.  In addition, AEIC's
opposition papers contained AEIC's arguments regarding the alleged non-relevancy of the
requested discovery.  Finally, although Plaintiff's reply papers mistakenly referred to Exhibit B
as opposed to Exhibit C, Plaintiff's arguments could be clearly gleaned from the context.

## III.   CONCLUSION

Based on the foregoing, and for other good cause shown, Judge Bongiovanni's May 24th Order is affirmed and AEIC's appeal is denied.  An appropriate form of order will be entered consistent with this opinion.


_____ s/ Michael A. Shipp _____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2012

6

Exhibit A



# Saiber
### ATTORNEYS AT LAW

**Lisa C. Wood**
973.622.3689
lwood@saiber.com

May 8, 2012

## VIA FACSIMILE

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
  for the District of New Jersey
Clarkson S. Fisher Building &
U.S. Courthouse, Room 6052
402 East State Street
Trenton, New Jersey 08608

> Re:    **Alit (No. 1) Limited v. Brooks Insurance Agency, et al.**
>        **Civil Action No.:   10-CV-02403-FLW-TJB**

Dear Judge Bongiovanni:

We represent defendant American Equity Insurance Company ("AEIC") in the above-referenced matter and write with regard to Your Honor's March 21, 2012 Order and Memorandum Opinion (collectively the "Order"). AEIC is in receipt of a request from plaintiff's counsel for responses to certain discovery requests that Plaintiff contends are required by the Order. The Order denied plaintiff's motion to compel with regard to its interrogatories and document requests designated as Parts A and B.

In granting Alit's motion in part with regard to Part C, the Order notes that Alit sought AEIC's Claim Handling Guidelines, Underwriting Materials and information regarding the handling of this specific claim. Your Honor stated that the information sought by the discovery requests in Part C was previously addressed by the Court's February 18, 2011 Letter Order and should have already been produced.

AEIC has long-since produced all documents requested by the February 18, 2011 Letter Order, and attached copies of these documents from its Bates-stamped production in its March 15, 2011 submission to the Court. As such, AEIC understood the Order to require only the documents identified in the February 18, 2011 Letter Order, and not to impose any additional requirements on AEIC under Part C.

On April 19, 2012, we received a letter from Alit's counsel seeking responses to its Part C discovery requests which seek, in part, the following information:

Honorable Tonianne J. Bongiovanni, U.S.M.J.
May 8, 2012
Page 2 of 2

- Other suits against AEIC for bad faith, breach of contract, or failure to settle within limits over the past twelve years, despite the fact that Alit's bad faith claim was dismissed by this Court's May 25, 2011 Order;

- Copies of checks, ledgers, and premium finance agreements relating to the AEIC policy issued to Brooks in 2001, despite the fact that AEIC has never denied that Brooks paid the policy premium or advanced any defense to coverage based upon the manner in which the premium was paid;

- Claims and underwriting manuals as the basis for its coverage determination, despite the fact that AEIC has consistently maintained that it did not rely on claims and underwriting manuals in making its coverage determination; and

- All documents considered in connection with, and individuals involved in, the issuance of prior coverage correspondence unrelated to the basis for AEIC's disclaimer or defenses to coverage asserted in this action.

Although technically included among the "Part C" discovery appended to Alit's proposed form of order, the discoverability of these demands was never mentioned, much less briefed, by Alit in its motion to compel, nor did the Court address the relevance or propriety of same in issuing its Order. As such, AEIC does not understand the Order to require the production of such information, or, at a minimum, believes that the relevance and propriety of such demands has not been adjudicated.

Because Alit now requests such information, AEIC seeks guidance from the Court regarding the proper interpretation of the Order. We respectfully request that the Court advise us whether we should file a formal motion for clarification of the Order, or if there is another mechanism the Court would prefer.

We thank the Court for its continued assistance to the parties in this matter.

Respectfully submitted,

LISA C. WOOD

cc:   Thomas J. Bracken, Esq.
      Lawrence P. Bunis, Esq.

{00723665.DOC}

# STALKER │ VOGRIN │ BRACKEN │ FRIMET

NEW YORK · PENNSYLVANIA · NEW JERSEY · CALIFORNIA

May 9, 2012

***VIA FACSIMILE***

Hon. Tonianne J. Bongiovanni
United States District Court
Vicinage of Trenton
Clarkson S. Fisher Building
& U.S. Courthouse
Fax: (609) 989-0435

>       RE:     ***Alit (No. 1) Limited v. Brooks Insurance Agency***
>               ***& American Equity Insurance Company,***
>               **Case Number 3:10-CV02403-FLW-TJB**
>               **(initially filed under Case Number 3:06-04500-**
>               **FLW-JJH)**

Dear Judge Bongiovanni:

This office represents Plaintiff Alit in the above-captioned action. Kindly allow this letter to serve as Alit's brief response to American Equity Insurance Company's letter dated May 8, 2012.

We respectfully disagree with the position set forth by AEIC in its letter. As such, we respectfully request this Honorable Court enter an Order directing AEIC to provide responses within ten (10) business days or face sanctions including, but not limited to Alit's costs in responding to AEIC's May 8, 2012 letter.

We first note that this is the first time that Alit has been made aware of any issue that AEIC may have with this Honorable Court's March 21, 2012 Order. AEIC has made no good-faith attempt to address this matter with Alit in any manner. Further, as discussed below, AEIC's request for "clarification" or "reconsideration" is untimely and without any procedural basis.

AEIC's position that it only understood this Honorable Court's opinion and order deeming the materials in Part C as only encompassing the materials provided in response to this Honorable Court's February 18, 2011 Letter Order is, quite frankly, difficult to understand.

The Compel was made in light of this Honorable Court's directives, including this Honorable Court's February 18, 2011 Letter Order. AEIC's responses to Alit's

**STALKER, VOGRIN, BRACKEN & FRIMET, LLP**

Hon. Tonianne J. Bongiovanni
May 9, 2012
Page 2

discovery requests were inadequate.  In light of this dispute, Alit sought this Honorable Court's approval and so moved before the Court.

Further, AEIC's claim that this matter was not fully briefed is without merit.  The relief sought by Alit in its Motion was clear and unambiguous.

This matter was clearly briefed in the Memorandum in Support of Alit's Motion to Compel.  The materials requested were clearly referred to in the Memorandum of Law and the nature thereof were discussed therein.  The interrogatories and discovery requests were set forth in the attached Proposed Order and referred to in the materials in support of the Motion.  AEIC had time to review same and respond. AEIC responded in POINT IV of its Brief in Opposition.  In further support, Alit responded in Point II of its Memorandum in Further Support of its Motion to Compel[1].  The relief sought in this regard was clear and unambiguous.

This Honorable Court's March 21, 2012 Order states that the materials sought in Part C are relevant and discoverable as such, Alit is entitled to same.  While reference is made to this Honorable Court's March 21, 2012 Letter Order is made, this Honorable Court's March 12, 2012 Order does not limit itself to only documents referred to therein.

AEIC now raises objection to this Honorable Court's March 21, 2012 Order forty-eight days after the Order was entered and twenty nine days after Alit's April 19 letter demanding compliance with same.  Had AEIC had an issue with the scope or propriety of the March 21, 2012 Order, it should have sought clarification through a Motion for Reconsideration within fourteen days after the Order was entered. Local Rule 7.1(i) see also Fed. Rule Civ. P. 72.  That deadline for any motion has since passed. As such, AEIC should not be permitted to so move at this time.

AEIC has had opportunity to forward its position in regard to whether or not Alit is entitled to responses to the discovery requests set forth in Part C.  However, faced with an Order against it, after the deadline for filing a Motion for Reconsideration, it seeks to avoid compliance with the Order.  AEIC's May 8, 2012 letter to the Court is not an appropriate vehicle to dispute the Court's Order or set forth its legal position.[2]

---

[1] We note that, in the Memorandum in Further Support Part C was accidentally referred to as Part B.  Nevertheless, in context, the nature and identity of the materials discussed therein was clear.

[2] Nevertheless, Alit does not believe that the positions set forth by AEIC are meritorious. We note that in its reply papers, AEIC cites no case in support of its position.

**STALKER, VOGRIN, BRACKEN & FRIMET, LLP**

Hon. Tonianne J. Bongiovanni
May 9, 2012
Page 3

Respectfully Submitted,

**STALKER, VOGRIN, BRACKEN & FRIMET, LLP**

Thomas J. Bracken (TJB/8315)

TES/md

*Cc:      Via facsimile*

Lisa C. Wood, Esq.
Fax: (973) 622-3349

Lawrence P. Bunis, Esq.
Fax: (856) 727-6010